The protest claim that the 25 bales of wool in question are properly assessable at the applicable rate upon the basis of a clean content yield of 94.4 percent, is overruled.

In view of our holding herein and in accordance with the stipulation entered into between the respective parties, we find that the involved 25 bales of wool, which were liquidated on a clean content yield of 99.59265 percent, are, pursuant to the instructions contained in T. D. 53159, *supra*, properly assessable for duty under paragraph 1102 (b) of the Tariff Act of 1930 at the rate of 37 cents per pound of clean content on the basis of a clean content yield of 98.79265 percent, as claimed. To such extent, the protest is sustained.

Judgment will be entered accordingly.

BEFORE THE SECOND DIVISION, SEPTEMBER 29, 1955

**No. 59315.**—Associated Metals & Minerals Corporation v. United States, protest 241720–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of alloys in chief value of tin, not specially provided for, the claim of the plaintiff was sustained.

**No. 59316.**—Wedemann & Godknecht, Inc. v. United States, protest 235968–K (New York).

Opinion by LAWRENCE, J. At the trial, the sole witness for the plaintiff produced a sample dinner knife from the shipment in question, which was received in evidence as exhibit 1. The witness testified that the article measured about 3¾ inches. From the testimonial record and an examination of exhibit 1, the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, SEPTEMBER 29, 1955

**No. 59317.**—William A. Hausman and Company et al. v. United States, protests 171180–K, etc. (Seattle).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 59318.**—Clarence S. Holmes *v.* United States, protest 214336–K (Seattle).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, SEPTEMBER 30, 1955

**No. 59319.**—Wyler Watch Agency, Inc. *v.* United States, petition 7178–R (New York).

Opinion by OLIVER, C. J. From the record, it appeared that a demonstrator was sent free of charge to the petitioner to demonstrate how certain watches work, with the option that the petitioner could either pay for it or return it, entry being made on that basis. The appraiser accepted the entered value, appraising the merchandise within 6 days. Thereafter, the petitioner, on a trip to Switzerland, was notified that a charge would be made for the blueprints for making up the advertising demonstrator, if only one were ordered, but that, if a number were ordered, the cost for the demonstrator of 400 Swiss francs would be included in the bill. The petitioner notified the exporter that it would have to bill "all together" and include the blueprint in the first cost. On the petitioner's return, the appraiser was notified of the facts, but it was too late to amend the entry. At the petitioner's request, the appraiser asked the collector to appeal, since he had 60 days and the petitioner's time had expired. Petitioner sent a check to the collector, which he returned because the case was on appeal. Counsel for the plaintiff stated that in *United States* v. *Wyler Watch Agency, Inc.* (32 Cust. Ct. 605, Reap. Dec. 8298) "the court handed down a decision exactly what we gave to them, and we paid the same money that we attempted to pay, but we couldn't do it that way, and that demonstrator we returned back to Switzerland, but we are just paying duty on something sent to us as a present, and that is all it was." On the record presented, it was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.